**WO**                                                                                                           KM

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Joel Mejia Plasencia, | ) | No. CIV 05-1943-PHX-MHM (VAM) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Unicorn Industries, et al., | ) | |
| Defendant. | ) | |

On June 28, 2005, Plaintiff Joel Mejia Plasencia, presently confined in the Federal Correctional Institution in Phoenix, Arizona ("FCI-Phoenix"), filed a Civil Rights Complaint by a Prisoner ("Complaint") pursuant to <u>Bivens v. Six Unknown Narcotics Agents</u>, 403 U.S. 388 (1971) and an Application to Proceed In Forma Pauperis ("Application to Proceed").

Plaintiff also filed a "Notice of Documents Delivered to Defendants" (Doc. #3) on July 15, 2005 and a "Memo Brief" (Doc. #4) on July 26, 2005 (Doc. #4).

**<u>Application to Proceed</u>**

Plaintiff's request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a). Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to pay the statutory filing fee of two hundred fifty dollars ($250.00) for this action.

An initial partial filing fee of fifty-one dollars and thirty-four cents ($51.34) will be assessed by this Order. 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the

1 appropriate agency to collect the initial partial filing fee from Plaintiff's trust account and
2 forward it to the Clerk of Court.

3 Plaintiff will be obligated for monthly payments of twenty percent (20%) of the
4 preceding month's income credited to Plaintiff's trust account.  The Court will direct the
5 appropriate agency to collect these monthly payments, which will be forwarded to the Clerk
6 of Court each time the amount in Plaintiff's account exceeds ten dollars ($10.00), until the
7 filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

8 Plaintiff should take notice that if he is released before the filing fee is paid in full, he
9 must pay the remaining unpaid amount of the filing fee within one hundred twenty (120)
10 days of the date of his release.  If Plaintiff fails to pay the remainder of the filing fee within
11 one hundred twenty (120) days of the date of his release, the action will be dismissed, unless
12 Plaintiff shows good cause, in writing, why he is unable to pay the remainder of the filing
13 fee.

14 **Statutory Screening of Prisoner Complaints**

15 The Court is required to screen complaints brought by prisoners seeking relief against
16 a governmental entity or officer or employee of a governmental entity.  28 U.S.C. §
17 1915A(a).  The Court must dismiss a complaint or portion thereof if the Plaintiff has raised
18 claims that are legally frivolous or malicious, that fail to state a claim upon which relief may
19 be granted, or that seek monetary relief from a defendant who is immune from such relief.
20 28 U.S.C. § 1915A(b)(1),(2).  The Court also must dismiss a complaint or portion thereof if
21 Plaintiff fails to exhaust any administrative remedy available to him.  42 U.S.C. § 1997e(a).

22 If the Court determines that a pleading could be cured by the allegation of other facts,
23 a *pro se* litigant is entitled to an opportunity to amend the complaint before dismissal of the
24 action.  See Lopez v. Smith, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (*en banc*).  The Court
25 is required to grant leave to amend "if a complaint can possibly be saved," but not if the
26 Complaint "lacks merit entirely." Id. at 1129.  A court therefore should grant leave to amend
27 if the pleading could be cured by the allegation of other facts, or if it appears at all possible
28

- 2 -

that the defect can be corrected. Id. at 1130. Plaintiff's Complaint will be dismissed without leave to amend because the Complaint cannot be saved by amendment.

**Complaint**

The following are named as Defendants to the Complaint: 1) Unicorn Industries Phoenix; 2) FCI-Phoenix; 3) FCI-Tucson; and 4) FCI-Lomoc, California.  Plaintiff's sole ground for relief in the Complaint is that he was denied employment and rehabilitation opportunities through Unicorn Industries because he is not a United States citizen and is subject to deportation.  Plaintiff seeks injunctive relief and money damages.

**Failure to State a Claim**

There is no constitutional right to rehabilitation or employment programs.  See Hoptowit v. Ray, 682 F.2d 1253, 1255 (9th Cir. 1982); see Johnson v. Moore, 926 F.2d 921, 925 n.3 (9th Cir. 1991) (inmate's claim that prison's failure to provide educational or drug rehabilitation programs violated his Eighth Amendment rights is "plainly without merit"). Because Plaintiff has no constitutional right to rehabilitation or employment programs, he has failed to state a claim under Bivens.

To the extent that Plaintiff attempts raise an equal protection claim, Plaintiff's status as an alien subject to deportation does not afford him special protection under the Equal Protection clause of the Fourteenth Amendment. See McLean v. Crabtree, 173 F.3d 1176, 1186 (9th Cir. 1999) (prisoners subjected to Immigration and Naturalization Service detainers failed to show equal protection violation in Bureau of Prisons ("BOP") rule excluding prisoners with detainers from sentence reduction eligibility after completion of . . .treatment program, since detainer exclusion . . . did not result in aliens as a group being treated differently from other persons based on their membership in class of incarcerated aliens, and detainer exclusion was reasonably grounded in BOP's concern that prisoners with detainer posed flight risk).  Accordingly, Plaintiff has also failed to state an equal protection claim.

**Dismissal Without Leave to Amend**

1     Because the Court is convinced that the deficiencies in the Complaint cannot be cured
2 by amendment, see Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing Broughton
3 v. Cutter Lab, 622 F.2d 458, 460 (9th Cir. 1980)), the Court's dismissal of the Complaint will
4 be without leave to amend, and the Court will order that the action be dismissed and
5 judgment entered.

6     **IT IS THEREFORE ORDERED** as follows:

7     (1)  Plaintiff's "Application to Proceed In Forma Pauperis By A Prisoner Civil (Non-
8 Habeas)" is GRANTED;

9     (2) Plaintiff is OBLIGATED to pay the statutory filing fee of two hundred fifty dollars
10 ($250.00) for this action.  Plaintiff is ASSESSED an initial partial filing fee of fifty-one
11 dollars and thirty-four cents ($51.34).  All fees shall be collected and paid in accordance with
12 this Court's Order to the director of FCI-Phoenix filed concurrently herewith;

13     (3)  The Complaint and action are DISMISSED WITHOUT LEAVE TO AMEND,
14 for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and
15 the Clerk of Court shall enter judgment accordingly; and

16     (4) The Clerk of Court shall make an entry on the docket in this matter indicating that
17 the dismissal for failure to state a claim falls within the purview of 28 U.S.C. § 1915(g).

18     DATED this 20th day of October, 2005.

_____
Mary H. Murguia
United States District Judge